**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CRAVANAS V. MOORE,** ) | Case No. 5:06-CR-308 |
| ) | 5:08-CV-317 |
| **Petitioner,** ) | |
| ) | |
| v. ) | **JUDGE ANN ALDRICH** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | **MEMORANDUM AND ORDER** |
| ) | |
| ) | |
| ) | |

Before the court is *pro se* petitioner Cravanas Moore's ("Moore") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docket No. 25], as well as the defendant United State of America's (the "government") response in opposition [Docket No. 29]. For the following reasons, the court denies Moore's motion for relief. Further, because he has not made a substantial showing of the denial of any constitutional right, the court certifies pursuant to 28 U.S.C. § 2253(c)(1)(B), that an appeal from this order would not be well-taken.

**I. Background**

On June 21, 2006, a federal grand jury in the Northern District of Ohio returned a two-count indictment charging Moore with: (1) as a previously convicted felon, knowingly possessing in and affecting interstate commerce a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); (2) knowingly and intentionally possessing with the intent to distribute five grams or more of a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

On February 6, 2007, Moore entered into a plea agreement wherein he agreed to plead guilty to both counts of the indictment. The probation department concluded that Moore's offense level

was 30 under the United States Sentencing Guidelines. Further, the probation department found that Moore qualified as a career offender under U.S.S.G. § 4B1.1, and thus set his offense level at 37. In the plea agreement the government agreed to move the court for a three-level reduction for substantial assistance pursuant to U.S.S.G. § 5K1.1, as well as a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). After the adjustments, Moore's total adjusted offense level was 31 with a criminal history category of VI, resulting in a projected range of 188-235 months of imprisonment. Pursuant to the plea agreement, the parties stipulated to a sentence of 160 months. Also in the plea agreement, Moore agreed to waive his right to appeal or collaterally attack his sentence. The plea agreement provides in pertinent part:

> Defendant acknowledges having been advised by counsel of defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly waives those rights except as reserved below. ...Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or governmental misconduct.

(Plea Agreement at 8-9; Docket No. 16).

At the sentencing hearing on February 23, 2007, this court sentenced Moore to 120 months incarceration as to Count 1 and 160 months incarceration as to Count 2 to run concurrently, as well as four years of supervised release.

On February 6, 2008, Moore filed the instant petition, asserting multiple reasons for collaterally attacking his sentence, including ineffective assistance of counsel. The government contends that Moore is not entitled to relief since he waived his right to collaterally attack his sentence in his plea agreement. Further, the government contends that while Moore did not waive

his right to collaterally attack his sentence on the grounds of ineffective assistance of counsel, he has failed to meet the two-prong test required with such a claim.

## II. Standard

### A. Valid Waiver

Section 2255 of Title 28 of the United States Code, provides that a prisoner who was sentenced by a federal court may file a motion in the "court which imposed the sentence to vacate, set aside, or correct the sentence." *Hill v. United States*, 368 U.S. 424, 426 (1962). One is entitled to relief under that section if he or she can show: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." *Id.* In order to prevail on such a motion, the petitioner must demonstrate the grounds for relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

The Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). The court in *Acosta*, however, emphasized the difference between claims that collaterally attack a conviction or sentence from those that go to the validity of the guilty plea. *Id.* Waivers pursuant to a plea agreement are not enforceable when the defendant successfully argues that his plea was not knowing or voluntary or was the product of ineffective assistance of counsel. *Id.*

### B. Ineffective Assistance of Counsel

-3-

The Supreme Court of the United States, in the case of *Strickland v. Washington*, clearly established the standard that a petitioner must meet in order to prove ineffective assistance of counsel. The Court stated that a petitioner must establish: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The performance inquiry is "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. In making this inquiry, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The petitioner must therefore overcome the presumption that counsel's actions may have been sound strategy.

"Prejudice is demonstrated when there is a reasonable probability that but for counsel's errors, the result would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." *Id.* at 694. A court need not address these prongs in any particular order, nor must a court address both if the defendant makes an insufficient showing on one. *Id.* at 697.

**III. Discussion**

    **A. Valid Waiver**

Moore alleges that the plea agreement, and thus the waiver, was not entered into voluntarily or knowingly. He claims that he was "pressured" by the "over zealous prosecutor who collaborated with appointed counsel." (Motion to Vacate at 8-9, Docket No. 25).

Other than this conclusory allegation, Moore has not presented any specific facts which demonstrate that he was in fact pressured into signing the agreement.

In fact, all the evidence before this court shows that Moore's waiver was voluntary and knowing. At the change of plea hearing on February 6, 2007, the court asked a series of questions in order to confirm that Moore's plea was voluntary and knowing. The court asked Moore if his lawyer or the government had promised him anything to encourage him to plead guilty, and Moore answered in the negative. Also, the court asked Moore if there had been any threats made by anyone to encourage him to plead guilty, and Moore answered in the negative. In light of the above, the court concluded at the change of plea hearing that "Mr. Moore understands the nature of the charges against him, that his plea is voluntarily [sic] and intelligent and that there is a substantial factual basis for the plea." (Transcript of Change of Plea Hearing at 8). Therefore, the court finds that Moore voluntarily and knowingly entered into his plea agreement and understood the waiver provisions.

In addition to claiming that the plea agreement was entered into unknowingly and involuntarily, Moore alleges that his decision to plead guilty itself was the product of ineffective assistance of counsel. He claims that his counsel provided him with "erroneous information and used coercion to brake the defent's [sic] will for a fast track plea bargain with [a] fabricated promise of a six point downward departure which Petitioner never received." (Motion to Vacate at 8-9; Docket No. 25).

In the context of guilty pleas, the first prong of the *Strickland* test is nothing more than a restatement of the standard of attorney competence: whether counsel's assistance was reasonable considering all the circumstances. *United States v. Allen*, 53 F. App'x 367, 372 (6th Cir. 2002). The second prong, the "prejudice" requirement, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* In other words, to satisfy the "prejudice"

-5-

requirement, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would have not pled guilty and would have insisted upon going to trial. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

Here, the court finds it unnecessary to address the second-prong, since the court finds that counsel provided reasonable assistance. Moore himself stated, at his change of plea hearing, that the decision to plead guilty was the product of coercion; and he has offered no evidence to the contrary. Furthermore, even if Moore's counsel assured him that he would receive the reduction, such an assertion would not have been "erroneous." It is clear from the record that Moore did in fact receive the six-point downward departure. At the sentencing hearing on February 23, 2007, Moore received the agreed three-level reduction for acceptance of responsibility and the court granted the government's motion for an additional three-level reduction for substantial assistance. (Transcript of Sentencing Hearing at 3-4). Thus, any statements that Moore's counsel could have potentially made to him regarding the reductions were not unreasonable and did not equate to ineffective assistance of counsel.

Given that Moore voluntarily and knowingly entered into the plea agreement with effective assistance of counsel, the court finds that the waiver provision is valid. Thus, Moore is bound by his agreement not to challenge his sentence by appeal or a post-conviction § 2255 motion, unless the sentence was the result of ineffective assistance of counsel or prosecutorial misconduct.

**B.  Ineffective Assistance of Counsel**

Moore alleges that, in violation of his Sixth Amendment rights, he received ineffective assistance of counsel, rendering his sentence void or voidable. Moore alleges that his attorney was ineffective because he failed to do the following: (1) challenge the criminal history classification;

(2) challenge the enhancement calculations; (3) challenge the presentence investigation report; (4) challenge the lab determined purity/percentage of the drugs that were seized; (5) seek an evidentiary hearing; and (6) file defense motions.

First, Moore has failed to establish that his counsel was ineffective as a result of his alleged failure to challenge Moore's criminal history classification. Moore's attorney was unable to challenge the validity of Moore's prior conviction for "Preparation of Drugs for Sale" because the conviction occurred more than five years prior to the convictions at issue. Moore and his counsel were therefore estopped from challenging the validity of the conviction. *See* 21 U.S.C. § 851(e). Moreover, Moore's attorney did in fact object to Pretrial Services' determination that Moore was a career offender. Despite the objection, the probation officer had concluded that Moore met all the criteria and is a career offender as defined in U.S.S.G. § 4B1.1. Nonetheless, as Moore's attorney did object to the determination that Moore was a career offender, it cannot be argued that the attorney was ineffective for failing to object. Thus, the court finds that Moore's counsel acted reasonably under the circumstances in regard to the criminal history classification, and thus was not ineffective under the first prong of the *Strickland* standard.

Second, Moore is unable to establish that his counsel was ineffective for failing to challenge the enhancement calculations. As discussed above, Moore and his counsel were estopped from challenging the validity of the relevant prior conviction. Further, Moore agreed to the enhancement calculations in the plea agreement, as well as a term of 160 months' incarceration. Moore cannot now show that, despite his knowing and voluntary waiver of his constitutional rights and his specific acceptance of the enhancement under his plea agreement, his counsel was ineffective for having

failed to challenge the enhancement.  Thus, again, Moore's counsel acted reasonably under the circumstances and was not ineffective according to the first prong of the *Strickland* standard.

Third, Moore has failed to establish that his counsel was ineffective for failing to challenge the presentence investigation report.  On September 29, 2006, Moore's attorney made multiple objections to the pre-plea presentence investigation report.  These objections were duly noted by the probation officer.  Thus, Moore cannot prove that his attorney acted unreasonably by failing to object to the presentence investigation report when his attorney did in fact object.  Therefore, this allegation cannot support a claim for ineffective assistance of counsel because Moore cannot show that his counsel acted unreasonably under the circumstances, as required under the first prong of the *Strickland* standard.

Fourth, Moore has failed to prove that his counsel was ineffective for failing to challenge the lab determined purity and/or the percentage of the drugs that were seized.  A violation of sections 841(a)(1) and 841(b)(1)(B) of Title 21 of the United States Code does not depend on the purity or percentage of the controlled substances that the individual allegedly possesses.  Rather, those sections only require a particular type of controlled substance and a particular quantity.  *See* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  Therefore, whether the cocaine base was in fact more or less pure than that alleged by the lab report would not have made a difference in Moore's prosecution. As a result, one would not expect an attorney to object to such a determination by a lab, and Moore's counsel's decision not to do so was clearly not unreasonable under the circumstances.  Further, Moore's allegation that his attorney was deficient for failing to question the "lab reports or lab reporter on cross exam [sic.] for sworn testimony as to the percentage or actual amount of cocaine" is also unfounded.  The indictment that Moore pled guilty to stated that he was being charged with

possession of more than five but less than 50 grams of crack cocaine. Also, the plea agreement that Moore signed specifically stated that Moore possessed 27.14 grams of crack cocaine. (Plea Agreement at 10; Docket No. 16). Moore cannot now allege that his sentence was the result of ineffective assistance of counsel for not challenging something that he had in fact admitted to previously. Further, because this case did not proceed to trial, the attorney could not have acted unreasonably for failing to cross-examine a witness. Moore has again failed to meet the first prong of the *Strickland* standard.

As for Moore's fifth and sixth allegations, even if the court were to assume that Moore could meet the first prong of the *Strickland* standard, the court finds that Moore has failed to meet the second prong of the *Strickland* standard. *See Strickland*, 466 U.S. at 697 (findng that a court need not "address both if the defendant makes an insufficient showing on one."). Here, Moore has failed to establish that his attorney's allegedly deficient performance has in any way prejudiced him. Moore was originally facing a potential sentence of 360 months to life imprisonment based on the sentencing guidelines for an offense level of 37 with a criminal history category of VI. After receiving the six-level reduction for acceptance of responsibility and substantial assistance, Moore's calculated sentencing guideline range was 188-235 months imprisonment. Moore received a sentence of only 160 months, which was below the sentencing guidelines. Thus, Moore cannot show that there is a reasonable probability that but for his attorney's alleged errors the result would have been different. He was given a highly favorable sentence and it is unlikely that an evidentiary hearing or defense motions would have resulted in a more favorable sentence. Moore has therefore failed to meet the second prong of the *Strickland* standard.

**IV. Conclusion**

For the foregoing reasons, Moore has failed to establish that he received ineffective assistance of counsel. Accordingly, his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Further, because Moore has not made a substantial showing of a violation of a constitutional right, the court certifies pursuant to 28 U.S.C. § 2253(c) that an appeal from this order would not be well taken.

IT IS SO ORDERED.

                                                /s/ *Ann Aldrich*
                                            ANN ALDRICH
                                            UNITED STATES DISTRICT JUDGE

Dated:  October 15, 2008